CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shirley Lindsay**,<br><br>      Plaintiff,<br><br>  v.<br><br>**Overland Partners Sepulveda, LLC**, a California Limited Liability Company;<br>**Starbucks Corporation**, a Washington Corporation; and Does 1-10,<br><br>      Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For Violations Of**: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Shirley Lindsay complains of Defendants Overland Partners Sepulveda, LLC, a California Limited Liability Company; Starbucks Corporation, a Washington Corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. She suffers from arthritis (osteoarthritis of multiple joints; spinal stenosis of the lumbar

spine; and essential hypertension) of her hands, knees, and hips. She uses both a cane and wheelchair for mobility.

2. Defendant Overland Partners Sepulveda, LLC owned the real property located at or about 4114 Sepulveda Blvd., Culver City, California, in December 2017.

3. Defendant Overland Partners Sepulveda, LLC owned the real property located at or about 4114 Sepulveda Blvd., Culver City, California, in January 2018.

4. Defendant Overland Partners Sepulveda, LLC owns the real property located at or about 4114 Sepulveda Blvd., Culver City, California, currently.

5. Defendant Starbucks Corporation owned the Starbucks located at or about 4114 Sepulveda Blvd., Culver City, California, in December 2017.

6. Defendant Starbucks Corporation owned the Starbucks located at or about 4114 Sepulveda Blvd., Culver City, California, in January 2018.

7. Defendant Starbucks Corporation owns the Starbucks ("Coffee Shop") located at or about 4114 Sepulveda Blvd., Culver City, California, currently.

8. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

Complaint

**JURISDICTION & VENUE:**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

10. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

12. Plaintiff went to the Coffee Shop in December 2017 and January 2018.

13. The Coffee Shop is a facility open to the public, a place of public accommodation, and a business establishment.

14. Parking spaces are one of the facilities, privileges and advantages reserved by defendants to persons of the Coffee Shop.

15. Unfortunately, although parking spaces were one of the facilities specifically reserved for patrons, there were no compliant, accessible handicap parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines (ADAAG) during plaintiff's visits.

16. The parking stall and access aisle of the parking space designated for use by persons with disabilities in front of the Coffee Shop contain slopes and cross-slopes greater than 2.1%.

17. Additionally, the parking stall and access aisle in front of the building across from the Coffee Shop are not level with each other because there is a

Complaint

built up curb ramp greater than 2.1% that runs into the access aisle.

18. The Defendants had no policy or plan in place to make sure that the parking spaces reserved for persons with disabilities remained useable prior to plaintiff's visits.

19. The Defendants have no policy or plan in place to make sure that the parking spaces reserved for persons with disabilities remain useable, currently.

20. Paths of travel are another one of the facilities, privileges, and advantages offered by defendants to persons of the Coffee Shop.

21. There is no safe wheelchair accessible route of travel from the boundary of the site to the accessible entrance of the Coffee Shop. The public sidewalks terminate after entering the boundary of the property and there is no safe path of travel after that point.

22. Transaction counters are also one of the facilities, privileges, and advantages offered by defendants to persons of the Coffee Shop.

23. Although Defendants provided a lowered transaction counter at the Coffee Shop, the counters were still not accessible to plaintiff.

24. Indeed, the Defendants crowded the transaction counters with merchandise and displays, which narrowed the clear width of the counter to less than 36 inches during each of plaintiff's visits.

25. Currently, the Defendants crowd the transaction counters with merchandise and displays, which narrows the clear width of the counters to less than 36 inches.

26. The Defendants have no policy in place to make sure that the transaction counters are kept clear for persons with disabilities.

27. Plaintiff personally encountered these barriers.

28. These inaccessible conditions denied the plaintiff full and equal access and caused her difficulty, discomfort, and embarrassment.

29. Plaintiff plans to return and patronize the Coffee Shop but she will be

deterred from visiting until the defendants remove the barriers.

30. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

31. For example, there are numerous paint/stripe companies that will come and stripe a level parking stall and access aisle and install proper signage on short notice and for a modest price, sometimes as low as $300, in full compliance with federal and state access standards.

32. Additionally, defendants could easily clear the transaction counters of merchandise so that there is enough clear width space for persons in wheelchairs.

33. Plaintiff is and has been deterred from returning and patronizing the Coffee Shop because of her knowledge of the barriers that exist. Plaintiff will, nonetheless, return to the business to assess ongoing compliance with the ADA and will return to patronize the Coffee Shop as a customer once the barriers are removed.

34. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to her disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether he personally encountered them).

Complaint

35. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because, had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

36. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

37. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36,

       Appendix "D."

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

38. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.3. Here, the access aisle is not level and has a ramp taking up part of the access aisle. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards 502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces. Id. No more than a 1:48 slope is permitted. 2010 Standards § 502.4.

39. Here, the parking space and access aisle reserved for persons with disabilities were inaccessible because of the slopes and curb ramp.

40. Under the ADA, there must be an accessible route of travel from the boundary of the site, i.e., from the public street and public sidewalks at the "site arrival points" to the building entrances on the site. 1991 Standards (1991 Standards) § 4.1.2(1); 2010 Standards (ADAAS) § 206.2.1.

41. Here, there is no safe wheelchair accessible route of travel from the boundary of the site to the accessible entrance of the Coffee Shop.

42. In areas used for transactions where counters have cash registers and

7

are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

43. Here, no such accessible transaction counters have been provided, in violation of the ADA.

44. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

45. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

46. Given its location and options, plaintiff will continue to desire to patronize the Coffee Shop but she has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

47. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

48. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal.

Complaint

Civ. Code § 51(f), 52(a).)

49. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Cal. Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: March 2, 2018          CENTER FOR DISABILITY ACCESS

By: _____
Chris Carson, Esq.
Attorney for plaintiff

Complaint