BOWMAN AND BROOKE LLP
Anthony J. Parascandola (SBN: 140217)
970 West 190th Street, Suite 700
Torrance, CA 90502
Telephone No.: (310) 768-3068
Facsimile No.: (310) 719-1019

Attorneys for Defendant, OVERLAND PARTNERS SEPULVEDA, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| Shirley Lindsay,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Overland Partners Sepulveda, LLC, a California Limited Liability Company; Starbucks Corporation; and Does 1-10,<br><br>　　　　Defendants. | **CASE NO.: 2:18-CV-01917-GW-PLA**<br><br>Assigned to: Hon. George H. Wu<br><br>**DEFENDANT, OVERLAND PARTNERS SEPULVEDA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF BOB EVANS AND ANTHONY J PARASCANDOLA**<br><br>Date: December 10, 2018<br>Time: 8:30 a.m.<br><br>Action Filed:　March 8, 2018<br>Trial:　　　　None |

Defendant, Overland Partners Sepulveda, LLC ("OPS") hereby opposes the motion for summary judgment of Plaintiff Shirley Lindsay. OPS's opposition is based on the attached Memorandum of Points and Authorities, the attached declarations of Anthony J. Parascandola and Bob Evans, the exhibit attached thereto, and such further oral and documentary evidence and argument as may be presented prior to or at the hearing of the motion.

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. **PRELIMINARY STATEMENT**

This matter is not appropriate for summary judgment. Clearly, there are triable issues of material fact, and indeed, plaintiff has failed to establish that she is entitled to judgment as a matter of law. Specifically, and fatal to plaintiff's case, defendant OPS has provided to plaintiff previously, and this court via declarations of Bob Evans and Anthony Parascandola, evidence that the parking spaces at Culver Crossroads meet the applicable ADA standards and do not provide plaintiff with a viable cause of action as against OPS.

As addressed with plaintiff's counsel during her cursory telephonic meet and confer, and even beforehand, OPS commissioned a third party CASp report prepared by licensed architect and founding partner Bob Evans of the company Equal Access. (Parascandola Decl at para. 4; Evans Decl at para. 3-4) Equal Access provides comprehensive accessibility-related evaluations for all issues within ADA Titles II and III and the Americans with Disabilities Act Accessibility Guidelines (ADAAG), California Building Code (CBC) Accessibility Standards, UFAS, Section 504, ANSI A117.1, and the Fair Housing Act Accessibility Guidelines (FHAAG). (Id. at para, 2.) The CASp report was specifically directed at plaintiff's allegations, and provided material evidence in contradiction to plaintiff's claims. (Evans Decl at para. 3-4, 6-10)

The CASp report prepared by Equal Access was sent to plaintiff's counsel in advance of the meet and confer. (Decl. of A. Parascandola at para. 5). Based on that report, it should have been apparent that at a minimum, that there are genuine issues of dispute regarding plaintiff's allegations of violations in the design and layout of the OPS parking lot. (Decl. of A. Parascandola at para. 6). Nonetheless, plaintiff filed its motion for summary judgment in the face of clearly disputed material facts. (See, Evans Decl. and attached Exhibit "A")

///

## II. **RELEVANT FACTS**

Plaintiff Shirley Lindsey alleges various ADA claims (28 U.S.C. § 1331, et seq.) arising out of two occasions where she claims to have patronized a Starbucks Coffee shop located at 4114 Sepulveda Blvd., Suite A, Culver City, CA. As against Overland Partners Sepulveda, LLC, plaintiff's complaint makes two parking allegations as a basis for the claim that she encountered inaccessible routes of travel. The specific allegations for which she seeks compensation are as follows:

1. <u>Allegation</u>: "The parking stall and access aisle of the parking space designated for use by persons with disabilities in front of the Coffee Shop contain slopes and cross-slopes greater than 2.1%." (Page 3, para. 16, lines 24-26); and

2. <u>Allegation</u>: "Additionally, the parking stall and access aisle in front of the building across from the Coffee Shop are not level with each other because there is a built-up curb ramp greater than 2.1% that runs into the access aisle." (Page 3, para. 17, lines 27 -Page 4, line 1)

Plaintiff also makes various allegations against Starbucks Corporation pertaining to the counter height and merchandising on the counters in the store. Despite her protestations, it appears plaintiff was able to transact business inside the Starbucks store on each occasion. There is no merit to plaintiff's claims as against Overland Partners Sepulveda, LLC.

<u>CASp Report Supports Finding of No Violations</u>

Allegation 1 (Alleged slopes and cross-slopes in the handicapped parking spaces):

Two designated accessible parking spaces are in front of an entrance to Starbucks. (See also, Exhibit "A," Photo 1)

/ / /



As attested to by the Equal Access CASp report, several running and cross slope measurements were taken within both accessible parking spaces and the access aisle. (Evans Decl at para. 3-4, 6-10) The parking and access aisle surface is constructed of individual approximately 6" by 8" brick pavers. Representative photos are imbedded below. (Evans Decl at para. 3-4, 6-10) (For additional photos, see CASp Report attached as Exhibit "A," Photos 2-19)

All readings were less than 2.1%. The parking and access aisle surface is constructed of individual approximately 6" by 8" brick pavers.





Nonetheless, as no ground is perfectly level, these figures can be skewed by a desirous party. There exists a possibility that some remote edges of pavers may be ¼" higher than an adjacent paver. (Evans Decl. at para. 7) If a level is placed on one of these anomalies, there may be a way to manipulate the slope reading to exceed 2.1%. Id. However, as this is certainly not a universal condition, the overall parking and access aisle surfaces are compliant.

Allegation 2: (Alleged built-up ramp running into the access aisle) A legally compliant perpendicular curb ramp is constructed within the shopping center walkway. As can be seen in the attached photographs, and is set forth in the declaration of Bob Evans, there is no "built-up curb ramp that runs into the access aisle."







1 | Simply stated, there is no violation. (OPS SUF 12-15, 17-18) Meaningful access is
2 | provided at the Center. Compliant spaces are specifically marked and made
3 | available for all visiting disabled persons (Id.; Evans Decl at para. 3-4, 6-10).
4 | Accordingly, there is no basis in fact for any of plaintiff's allegations against
5 | Overland Partners Sepulveda, LLC. Moreover, the City of Culver City local
6 | building and planning department conducted numerous inspections during all phases
7 | of the construction of the Center and issued final approvals for the disabled parking
8 | stalls implemented. (Decl. of A. Parascandola at para. 7).

Plaintiff makes additional generic charges that are found in hundreds of the lawsuits plaintiff has filed. For instance, plaintiff claims there is no plan in place to make sure that the parking spaces reserved for persons with disabilities remain useable (See Pltff's Cpt. at para., 18 and 19; Decl. of A. Parascandola at para. 9). No evidence has been offered to support these allegations, and this apparently is not part of plaintiff's motion.

### III. ARGUMENT

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "[T]he burden on the moving party may be discharged by 'showing' that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); see Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir. 1990). The moving party must affirmatively show the absence of such evidence in the record, either by deposition testimony, the inadequacy of documentary evidence, or by any other form of admissible evidence. See Celotex, 477 U.S. at 322.

As required on a motion for summary judgment, the facts are construed "in

the light most favorable to the party opposing the motion." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The opposition evidence must be such that it could cause *reasonable persons to disagree* on whether the facts claimed by the moving party are true. <u>Aydin Corp. v. Loral Corp.</u> (9th Cir 1983) 718 F2d 897, 902. Rule 56 does not permit trial by affaidavits. The court's function on a motion for summary judgment is *issue finding, not issue-resolution.* <u>United States v. One Tintoretto Painting</u> (2nd Cir 1982) 691 F2d 603, 606; Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED CIV. PRO. BEFORE TRIAL (The Rutter Group) at section 14:248, p. 14-73.

While less than clear from plaintiff's motion, it appears plaintiff is claiming that "the parking space in front of the Starbucks contain slopes and cross-slopes that cause the wheels of her wheelchair to tip." In an apparent attempt to bolster a flimsy motion, Plaintiff then throws in a new claim in her motion, a claim not found in her complaint, alleging that the parking stall and access aisle "in front of the building across from the Starbucks is not level." (Mot. page 2, lines 19-21).

Two designated compliant accessible parking spaces exist in front of the entrance to Starbucks Coffee. (Decl. of Bob Evans at para. 7 – 9, and Exhibit A) The evidence provided by OPS makes clear not only are the slope and cross-slope measurements in compliance with all applicable laws, but at the very minimum, there are material facts in dispute regarding the alleged slopes. It is OPS's documented position that the slopes and cross-slopes did not exceed 2.1% when properly measured. (Evans Decl at para. 6-10)

Plaintiff's complaint and declaration make clear she used the disabled parking space outside of Starbucks. (Decl. of A. Parascandola at para. 8) Yet, plaintiff's motion raises complaints about other parking spaces plaintiff is not claiming she used, and which are of no consequence to her lawsuit. Plaintiff's motion may not rest on grounds not stated in her pleadings. See generally, <u>Wasco Products, Inc. v. Southwall Technologies, Inc.</u> (9th Cir. 2006) 435 F3d 989, 991. Not only does

plaintiff attempt to raise issues for which no notice has been provided as framed by her complaint, but the argument that spaces elsewhere on the property that she did not use are somehow deficient is irrelevant to the issues in the case.

Plaintiff also claims there was no safe path of travel into the Starbuck's coffee shop (Mot. page 2, lines 25-27). As attested to in Exhibit "A" to the Declaration of Bob Evans, the spaces at the premises:

> "are properly accessible, properly marked, and dimensionally compliant under the code. There are also safe paths of travel for wheelchair users from these designated accessible parking spaces to the accessible entrance of Starbucks Coffee shop. Appropriate walkways exist on the premises, in compliance with the Federal statutes, and further based on information and belief, with local Culver City code ordinances."

(Evans Decl at para. 9-10)

Plaintiff's evidence does not contradict these facts.

As depicted in OPS's Exhibit "A," there is an aisle with ADA-compliant curb cuts for the spaces at issue outside of Starbucks. Since plaintiff was able to visit the Starbuck's on two separate occasions, the argument that she encountered a barrier to her access is contracted by statements in her own declaration and by her course of conduct. Although Plaintiff may be dissatisfied with the types of accommodations she received during her visits to Starbucks, OPS's accommodations provided her with full and equal access to Defendant's restaurants. Again, at most, Plaintiff raises a question of fact that cannot be resolved at the summary judgment stage.

///
///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, Overland Partners Sepulveda, LLC respectfully requests that it be permitted to present evidence at trial to resolve the material issues of fact in dispute. Plaintiff's motion for summary judgment should be denied in its entirety.

DATED: November 19, 2018

BOWMAN AND BROOKE LLP

By: _____
Anthony J. Parascandola
Attorneys for Defendant,
OVERLAND PARTNERS
SEPULVEDA, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2018 I filed the foregoing document entitled **DEFENDANT, OVERLAND PARTNERS SEPULVEDA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF BOB EVANS AND ANTHONY J PARASCANDOLA** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

/s/ Anthony J. Parascandola
Anthony J. Parascandola