1  SEYFARTH SHAW LLP
   Myra B. Villamor (SBN 232912)
2  mvillamor@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, California 90067-3021
   Telephone:   (310) 277-7200
4  Facsimile:   (310) 201-5219

5
   Attorneys for Defendant
6  STARBUCKS CORPORATION

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  SHIRLEY LINDSAY,                          Case No. 2:18-cv-01917-GW-PLA

12              Plaintiff,                     **DEFENDANT STARBUCKS
                                              CORPORATION'S FURTHER
13       v.                                    OPPOSITION TO PLAINTIFF'S
                                              MOTION FOR SUMMARY
14  OVERLAND PARTNERS SEPULVEDA,               JUDGMENT OR, IN THE
    LLC, a California Limited Liability        ALTERNATIVE, PARTIAL
15  Company; STARBUCKS                         SUMMARY JUDGMENT**
    CORPORATION, a Washington
16  Corporation; and DOES 1-10,               Date:          April 10, 2019
                                              Time:          8:30 a.m.
17              Defendants.                    Courtroom:     9D

18                                            Complaint Filed:   March 8, 2018

19                                            Trial:             May 28, 2019
                                              Pretrial Conference: May 16, 2019
20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ..................................................................................................1

II.   SUMMARY OF RELEVANT FACTS ................................................................2

    A.    Defendant Provides An Accessible Transaction Counter That Is Less Than 36" High ...............................................................2

    B.    Defendant Does Not Possess, Operate, Or Control The Common Areas Surrounding The Store .........................................3

    C.    The Designated Accessible Parking Spaces And Paths Of Travel To The Entrance Of The Store Are ADA-Compliant ...........3

III.  LEGAL STANDARD ...........................................................................................4

IV.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE DEFENDANT'S TRANSACTION COUNTER IS ADA-COMPLIANT AS A MATTER OF LAW ..........................................4

    A.    The 2010 Standards Sales And Service Counter Requirements ...................4

    B.    The Transaction Counter Complies With The ADA .......................................5

        1.    The Department of Justice's Interpretation In Its Recently Filed Amicus Brief In Johnson v. Starbucks Corporation Confirms That Defendant's Transaction Counter Complies With The ADA .....................................................6

        2.    The Architectural and Transportation Barriers Compliance Board Commentary Confirms That Defendant's Transaction Counter Complies With The ADA ...........................7

        3.    Court Decisions Addressing The Same Starbucks Counter In Other Stores Have Held that the Counter Complies with the ADA .......................................................8

        4.    Plaintiff's Arguments In Support Of Her Contention That There Must Always Be A 36" Long, Clear Accessible Transaction Counter Are Without Merit..........................9

            a.    Section 904.4.1 Does Not Apply To Defendant's Transaction Counter .........................................9

            b.    Plaintiff's Interpretation Of The Exception Is Inconsistent With The Plain Language Of The Exception ...................................................10

            c.    Plaintiff Cannot Identify Any Authority Supporting Her Interpretation Of The Exception..............................................10

            d.    Plaintiff Cannot Identify Any Authority Requiring Defendant's Transaction Counter To Remain Entirely Clear.....................11

i

V.     PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST
       DEFENDANT AS TO ALLEGED BARRIERS LOCATED OUTSIDE
       THE STORE SHOULD BE DENIED BECAUSE THERE IS NO
       EVIDENCE THAT DEFENDANT POSSESSED, OPERATED, OR
       CONTROLLED THE COMMON AREAS ............................................ 12

VI.    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE
       DENIED BECAUSE PLAINTIFF HAS FAILED TO PROFFER
       UNDISPUTED EVIDENCE OF A LACK OF ACCESSIBLE PARKING
       AND ROUTES OF TRAVEL ............................................................ 14

VII.   PLAINTIFF IS NOT ENTITLED TO STATUTORY DAMAGES
       UNDER THE UCRA ........................................................................ 15

VIII.  CONCLUSION ................................................................................. 16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Bay Area Addiction Research & Treatment, Inc. v. City of Antioch*,
179 F.3d 725 (9th Cir. 1999) ...................................................................... 13

*Burton v. Stevedoring Servs. of Am.*,
196 F.3d 1070 (9th Cir. 1999) ...................................................................... 6

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ...................................................................................... 4

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
779 F.3d 1001 (9th Cir. 2015) .................................................................... 15

*Crandall v. Starbucks Corp.*,
249 F. Supp. 3d 1087 (N.D. Cal. 2017) ....................................................... 9

*Francis v. 805 Columbus LLC and Starbucks Corporation*,
Case No. 16-cv-07539-PGG (S.D.N.Y. Mar. 7, 2019) ................................ 8

*Freytag v. Comm'r*,
501 U.S. 868 (1991) .................................................................................... 10

*Greenwood v. F.A.A.*,
28 F.3d 971 (9th Cir. 1994) ........................................................................ 14

*Johnson v. Starbucks Corp.*,
Case No. 16-cv-00724-DMR, 2018 WL 5099283 (N.D. Cal. Oct. 17, 2018) ............................................................................................................. 8

*Johnson v. Starbucks Corp.*,
Case No. 16-cv-02489-MCE-EFB (E.D. Cal. Oct. 23, 2018) ...................... 8

*Johnson v. Starbucks Corp.*,
Case No. 16-cv-02820-MCE-GGH, 2018 WL 5079826 (E.D. Cal. Oct. 18, 2018) ...................................................................................................... 8

*Johnson v. Starbucks Corporation*,
Case No. 17-cv-02454-WHA (N.D. Cal. Feb. 25, 2019) ..................... 1, 6, 7, 9

*Johnson v. Starbucks Corporation*,
Case No. 18-cv-00717-R-SK (C.D. Cal. Feb. 5, 2019) ............................... 8

*Kalani v. Starbucks Corp.*,
698 Fed Appx. 883 (9th Cir. 2017) .............................................................. 9

*Kalani v. Starbucks Corp.*,
81 F. Supp. 3d 876 (N.D. Cal. 2015), *affirmed in part by, Kalani*, 698 Fed Appx. ................................................................................................... 9

iii

*Kohler v. Bed Bath & Beyond of California, LLC.*
780 F. 3d 1260 (9th Cir. 2015) ............................................................... 12, 13

*Nationwide Transport Finance v. Cass Information Systems, Inc.,*
523 F.3d 1051 (9th Cir. 2008) ...................................................................... 14

*Padash v. I.N.S.,*
358 F.3d 1161 (9th Cir. 2004) ...................................................................... 10

*Russello v. United States,*
464 U.S. 16 (1983) ........................................................................................ 11

*Tang v. Reno,*
77 F.3d 1194 (9th Cir. 1996) .......................................................................... 6

*Tolan v. Cotton,*
572 U.S. 650 (2014) ........................................................................................ 4

**Federal Statutes**

42 U.S.C.
§ 12182(a) ............................................................................................... 12, 13

Americans with Disabilities Act Title III .................................................. *passim*

**California Statutes**

Cal. Civ. Proc. Code
§ 55.56(a) ...................................................................................................... 15
§ 55.56(c) ...................................................................................................... 15

California Unruh Civil Rights Act ............................................................... 1, 15

Justice, Technical Assistance Manual on the Americans with Disability Act
§ III-6.2000 (1994) ....................................................................................... 13

**Other Authorities**

28 C.F.R. § 36.401-407 .................................................................................... 4

28 C.F.R. § 36.403 ......................................................................................... 13

28 C.F.R. § 36.406(a)(3) .................................................................................. 4

36 C.F.R. § 1191 ..................................................................................... *passim*

36 C.F.R. § 1191, Appendix B ........................................................................ 4

36 C.F.R. § 1191, Appendix D ................................................................ *passim*

36 C.F.R. § 1191.1(a) ...................................................................................... 4

69 Fed. Reg. 44,084, 44,145-44,146 (July 23, 2004) (to be codified at 36
C.F.R. pts. 1190 and 1191) ............................................................................. 7

75 Fed. Reg. 56236 (Sept. 15, 2010) ...................................................................... 4

Fed. R. Civ. P. 56(a).............................................................................................. 4

H.R.Rep. No. 101-485, Pt. II ................................................................................ 13

DEFENDANT STARBUCKS CORPORATION'S FURTHER OPPOSITION TO PLAINTIFF'S MSJ
Case No. 2:18-cv-01917-GW-PLA

# I.   INTRODUCTION

Plaintiff Shirley Lindsay alleges she encountered three barriers to access in violation of Title III of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("UCRA") during her visits to a Starbucks location in Culver City, California:

(1) lack of an accessible transaction counter because Defendant Starbucks Corporation "crowded the transaction counters with merchandise and displays, which narrowed the clear width of the counter to less than 36 inches";

(2) lack of accessible parking due to non-compliant slopes; and

(3) lack of an accessible route of travel to Defendant's store entrance.

Plaintiff's motion for summary judgment against Defendant fails for the following reasons:

**First,** the ADA regulations (2010 Standards for Accessible Design, 36 C.F.R. § Pt. 1191, App. D, Section 904.1.1 Exception) explicitly permit Defendant to provide a transaction counter that is less than 36" long, so long as the entire counter is at an accessible height (*i.e.*, 36" or lower), and the regulations do not require 36" of *clear* counter space in any event.  Indeed, the Department of Justice recently filed an amicus brief in *Johnson v. Starbucks Corporation*, Case No. 17-cv-02454-WHA (N.D. Cal. Feb. 25, 2019) (Dkt. 115), confirming that Defendant's transaction counter, and the placement of merchandise on the transaction counter, complies with the Section 904.4.1 Exception. As set forth below, the regulation is unambiguous.  Plaintiff's arguments to the contrary are without merit and contradict the plain language of the regulation.

**Second,** as a tenant, Defendant is not liable, as a matter of law, for alleged barriers to access located in common areas that are possessed, operated, and controlled by its landlord, defendant Overland Partners Sepulveda, LLC ("Overland Partners").

**Third,** Overland Partners has proffered admissible evidence that the slopes of the designated accessible parking spaces and access aisles adjacent to the entrance of

1

1  Defendant's location, and the paths of travel to the entrance of Defendant's location are

2  ADA-compliant, and there is no material dispute about this fact.

3       As a result, as explained more fully below, Plaintiff's motion for summary

4  judgment should be denied.[1]

5  ## II.    SUMMARY OF RELEVANT FACTS

6  ### A.    Defendant Provides An Accessible Transaction Counter That Is Less
   Than 36" High

7

8       According to Plaintiff, she visited the Starbucks location at 4114 Sepulveda Blvd.,

9  Culver City, California (the "Store") in December 2017 and January 2018.  (Dkt. 43-2,

10  Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law ("SUF") Nos. 4 &

11  8.)  Plaintiff alleges that during her visits, she encountered a single ADA violation inside

12  the Store: the lack of an accessible transaction counter.  (Dkt. 43-1, p.7.)  Plaintiff admits

13  that Defendant "provided a lowered transaction counter which was less than 36 inches in

14  height."  However, Plaintiff contends that the lowered transaction counter was not

15  accessible to her because "Defendant crowded the transaction counters with merchandise

16  and displays, which narrowed the clear width of the counter to less than 36 inches."

17  (Dkt. 43-1, p.7.)

18       Thus, it is undisputed that Defendant provides a lowered counter that is uniformly

19  less than 36-inches high. (SUF No. 19; Dkt. 50, p.8, Defendant's Additional Statement of

20  Undisputed Material Facts ("AUMF") No. 4.)  There is a parallel approach to the

21  transaction counter, and the entire provided counter surface is intended for use by all

22  customers, not just customers using wheelchairs.  (Dkt. 50, pp.8-9, AUMF Nos. 5-6.)

23  Furthermore, it is undisputed that Plaintiff used the transaction counter to complete a

24  purchase.  (Dkt. 50, p. 9, AUMF No. 8.)

25  ---

26  [1] Defendant's instant Further Opposition to Plaintiff's Motion for Summary Judgment Or,
   In The Alternative, Partial Summary Judgment incorporates and supplements its

27  previously filed Opposition to Plaintiff's Shirley Lindsay's Motion for Summary
   Judgment, Or In The Alternative, Partial Summary Judgment, and supporting papers.

28  (Dkt. 49-51.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### B. Defendant Does Not Possess, Operate, Or Control The Common Areas Surrounding The Store

Two of Plaintiff's three alleged ADA violations are located in the common areas of the shopping center in which the Store is located: the accessible parking spaces and the path of travel to the Store entrance.  Overland Partners is the owner of the shopping center in which the Store is located, and provides parking spaces for use by shopping center customers.  (*See* Dkt. 21, ¶¶2-5, 14.)  Overland Partners does not allow reserved parking for Defendant's customers.  (Dkt. 48-2, ¶12.)  Defendant leases the property on which in the Store is located, but does not possess, operate, or control the adjacent parking lot or the paths of travel in the common areas leading to the Store entrance.  (Dkt. 10, ¶¶2-7, 14, 21.)  Plaintiff has not proffered any evidence establishing that Defendant has ever possessed, operated, or controlled the common areas surrounding the Store.  (*See* Dkt. 43-2.)

### C. The Designated Accessible Parking Spaces And Paths Of Travel To The Entrance Of The Store Are ADA-Compliant

In its opposition to Plaintiff's Motion for Summary Judgment, Overland Partners offered admissible evidence, in the form of a declaration from Certified Access Specialist Bob Evans, disputing Plaintiff's claim that she encountered common area violations during her visit to the Store.  (Dkt. 48-3.)

According to Mr. Evans, upon his inspection of the shopping center in which the Store is located, he determined that "[t]wo designated compliant accessible parking spaces exist in front of an entrance to Starbucks Coffee … at the premises" and the "surface slopes and cross-slopes are likewise code compliant."  (Dkt. 48-3, ¶¶7 & 9.)  Mr. Evans also determined "[t]here is no built-up curb ramp greater than 2.1% that runs into the access aisle outside of the Starbuck's [*sic*] coffee shop.  A complaint [*sic*] perpendicular curb ramp is constructed within the shopping center walkway."  (Dkt. 48-3, ¶8.)  Mr. Evans further concluded "[t]here are also safe paths of travel for wheelchair users from these designated accessible parking spaces to the accessible entrance of

Starbucks Coffee shop.  Appropriate walkways exist on the premises, in compliance with Federal statutes…."  (Dkt. 48-3, ¶8.)

## III.   LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any material fact.  Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) ("in ruling on a motion for summary judgment, '[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'") (internal citations omitted); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'").  The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.

## IV.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE DEFENDANT'S TRANSACTION COUNTER IS ADA-COMPLIANT AS A MATTER OF LAW

### A.   The 2010 Standards Sales And Service Counter Requirements

With respect to the transaction counter at issue in Plaintiff's Complaint, the applicable design standards are the 2010 ADA Standards for Accessible Design (the "2010 Standards").  28 C.F.R. § 36.406(a)(3), as amended at 75 Fed. Reg. 56236 (Sept. 15, 2010).[2]  Sections 227.3 and 904.4 of the 2010 Standards contain the requirements for sales and service counters.

Section 227.3 of the 2010 Standards states, in relevant part:

> **227.3 Counters.** Where provided, at least one of each type of sales counter and service counter shall comply with 904.4. Where counters are dispersed throughout the building or facility, counters complying with 904.4 also shall be dispersed.

---

[2] The 2010 Standards consist of and are codified at 36 C.F.R. Part 1191, App. B and D and 28 C.F.R. Part 36, subpart D (28 C.F.R. § 36.401-407).  36 C.F.R. § 1191.1(a) & Notes.

1   2010 Standards, § 227.3.

2       Section 904.4 provides, in relevant part:

3         **904.4 Sales and Service Counters.**  Sales counters and service
4   counters shall comply with 904.4.1 or 904.4.2.  The *accessible* portion
    of the counter top shall extend the same depth as the sales or service
5   counter top.

6   2010 Standards, § 904.4 (emphasis in original).  Section 904.4.1 specifies the

7   requirements for counters when wheelchair users have a parallel approach to the counter,

8   and Section 904.4.2 specifies the requirements for counters when wheelchair users have a

9   forward approach.

10      Section 904.4.1 governs because there is a parallel approach to the Store's

11  transaction counter.  (Dkt. 50, p.8, AUMF No. 5.)  Section 904.4.1 states, in its entirety:

12        **904.4.1 Parallel Approach.** A portion of the counter surface that is 36
13  inches (915 mm) long minimum and 36 inches (915 mm) high maximum
    above the finish floor shall be provided. A clear floor or ground space
    complying with 305 shall be positioned for a parallel approach adjacent to
14  the 36 inch (915 mm) minimum length of counter.

15        **EXCEPTION:** Where the provided counter surface is less than 36 inches
16  (915 mm) long, the entire counter surface shall be 36 inches (915 mm) high
    maximum above the finish floor.

17  Read together, Section 904.4.1 (the "Main Rule") and the 904.4.1 Exception (the

18  "Exception") address two different scenarios:  The Main Rule addresses a situation where

19  there is a high counter for non-disabled customers to use, and specifies that, in that

20  instance, "[a] *portion* of the counter surface" must be at least 36" long and no higher than

21  36" above the floor. (emphasis added)  The Exception, on the other hand, addresses the

22  situation where the entire counter "provided" to all customers is less than 36" long, and

23  states that the entire counter must be no higher than 36" (*i.e.* it cannot have a high

24  section).

25      **B.**    **The Transaction Counter Complies With The ADA**

26      It is undisputed, for purposes of this opposition to Plaintiff's motion for summary

27  judgment, that Defendant provides a transaction counter surface that is less than 36" long

28  for the use of all customers.  It is also undisputed that this surface was entirely accessible

at a height of less than 36" above the finish floor.  (Dkt. 43-2, SUF Nos. 19-20.)  This condition fully complied with the Exception, which states:

> **EXCEPTION:** Where the provided counter surface is less than 36 inches (915 mm) long, the entire counter surface shall be 36 inches (915 mm) high maximum above the finish floor.

2010 Standards, § 904.4.1.  This Exception precisely describes the condition of the transaction counter at the Store.  Plaintiff claims that Defendant only "provided" less than 36" of counter surface for customers to use, and that surface was less than 36" above the finish floor.  Thus, the transaction counter complied with the ADA.  Because the language of the Exception is unambiguous, there is no need to look further.  *Burton v. Stevedoring Servs. of Am.,* 196 F.3d 1070, 1072 (9th Cir. 1999) ("In interpreting a statute we must examine its language.  If 'the statute is clear and unambiguous, that is the end of the matter.'") (quoting *Tang v. Reno,* 77 F.3d 1194, 1196–97 (9th Cir. 1996).

       1.    **The Department of Justice's Interpretation In Its Recently Filed *Amicus Brief* In *Johnson v. Starbucks Corporation* Confirms That Defendant's Transaction Counter Complies With The ADA**

If the Court were inclined to look further, the United States Department of Justice ("DOJ") recently set forth its interpretation of the Exception within the context of Defendant's transaction counters and the placement of merchandise on those transaction counters.

In *Johnson v. Starbucks Corporation*, Case No. 17-cv-02454-WHA, currently pending in the Northern District of California, the DOJ accepted the Court's invitation to file an amicus brief regarding the interpretation of the Exception in connection with the plaintiff's pending motion for summary judgment against Defendant.

On February 25, 2019, the DOJ filed its amicus brief, which answered the following two questions:

> i.  Under the above-described circumstances, does ADAAG 904.4.1's exception apply such that the sales counter need not meet ADAAG 904.4.1's 36-inch length requirement?

ii.  If ADAAG 904.4.1's 36-inch length requirement does apply, does a defendant violate this requirement by maintaining merchandise or other items on the counter top, thereby failing to maintain 36-inches of clear counter space?

*Johnson v. Starbucks Corporation*, Case No. 17-cv-02454-WHA (E.D. Cal. Feb. 25, 2019) (Dkt. 115) (A copy of this brief is attached as Exhibit A to the concurrently filed Declaration of Myra B. Villamor).

On the first question, the DOJ stated that public accommodations may provide a transaction counter that is less than 36" in length, so long as the entire counter is at an accessible height of 36" or less.  The DOJ further stated that the 36" length requirement does not apply to counters that are entirely at an accessible height.  The 36" length requirement only applies when the counter has a section that is not at an accessible height.  The DOJ concluded that Defendant's transaction counter in question is compliant.

On the second question, the DOJ stated that the Exception contains no requirement that the accessible portion of the transaction counter provide 36" of "clear" space, citing to commentary suggesting that cash registers can be placed on such counters.  Again, the DOJ concluded that Defendant's transaction counter in question is compliant.

### 2.  The Architectural and Transportation Barriers Compliance Board Commentary Confirms That Defendant's Transaction Counter Complies With The ADA

Furthermore, the commentary from the Architectural and Transportation Barriers Compliance Board (the "Board"), which drafted and issued the guidelines that became the 2010 Standards, also supports Defendant's position.  The Board explained that it added the Exception to the Final Rule providing that "where a provided counter surface is *less than 36 inches long*, the entire surface shall be accessible *to clarify that in such cases the counter does not have to be lengthened* (904.4.1 Exception)." 69 Fed. Reg. 44,084, 44,145-44,146 (July 23, 2004) (to be codified at 36 C.F.R. pts. 1190 and 1191) (emphasis added).

3. **Court Decisions Addressing The Same Starbucks Counter In Other Stores Have Held that the Counter Complies with the ADA**

District Judge Paul G. Gardephe of the Southern District of New York just recently granted Defendant summary judgment in a case involving the very same type of counter located in a Starbucks in New York City. *Francis v. 805 Columbus LLC and Starbucks Corporation*, Case No. 16-cv-07539-PGG (S.D.N.Y. Mar. 7, 2019) (Dkt. 113). The plaintiff there also claimed that Defendant was required to provide a 36" length of clear sales/service counter at an accessible height. The court disagreed, concluding that Section 904.4.1 does not require Defendant to provide a sales/service counter that is at least 36" in length where, as here, the entire counter is lower than 36". The court noted that no language in Section 904.4.1 requires a 36" long "clear" section, and the Exception to 904.4.1 makes clear that a business may provide a sales and service counter that is less than 36" long if it is entirely at an accessible height of less than 36" high. Accordingly, the court entered summary judgment for Defendant.

Likewise, multiple district courts have ruled against plaintiffs seeking summary judgment on the accessibility of the same type of transaction counter at Defendant's other stores. *Johnson v. Starbucks Corp.,* Case No. 16-cv-02820-MCE-GGH, 2018 WL 5079826 (E.D. Cal. Oct. 18, 2018) (finding that plaintiff failed to meet burden on summary judgment where Defendant proffered evidence that the counters comply with the Exception); *Johnson v. Starbucks Corp.*, Case No. 16-cv-02489-MCE-EFB (E.D. Cal. Oct. 23, 2018) (finding that plaintiff failed to meet burden on summary judgment where Defendant proffered evidence that the counters comply with the Exception); *see Johnson v. Starbucks Corp.,* Case No. 16-cv-00724-DMR, 2018 WL 5099283 (N.D. Cal. Oct. 17, 2018) (denying summary judgment on transaction counter claim where there was not a full record regarding the effect of merchandise on accessibility).[3]

---

[3] In *Johnson v. Starbucks Corporation,* Case No. 18-cv-00717-R-SK (C.D. Cal. Feb. 5, 2019) (Dkt. 31), the court granted summary judgment in favor of the plaintiff on the issue of the transaction counter. However, this case is distinguishable because the court did not have the benefit of the guidance of the February 25, 2019 DOJ amicus brief, which states

None of the court decisions cited by Plaintiff in its reply in support of its motion for summary judgment (Dkt. 54) bolster Plaintiff's position.  In *Kalani v. Starbucks Corp.*, 698 Fed Appx. 883 (9th Cir. 2017), the only issue was whether product displays placed in front and on top of the order counter qualified as temporary or movable obstructions.  The court never considered what the Main Rule and Exception require with regard to counter length under Section 904.4.1.  *Kalani v. Starbucks Corp.*, 81 F. Supp. 3d 876, 884-887 (N.D. Cal. 2015), *affirmed in part by, Kalani*, 698 Fed Appx. at 886.  *Crandall v. Starbucks Corp.* involved the same temporary obstruction issue, and did not address the Exception at all.  249 F. Supp. 3d 1087, 1111 (N.D. Cal. 2017) ("even drawing all inferences in Defendant's favor, a reasonable trier of fact could not find that merchandise displays were only temporary barriers.")  Thus, these cases are distinguishable and, in any event, are not binding on the Court.[4]

### 4.    Plaintiff's Arguments In Support Of Her Contention That There Must Always Be A 36" Long, Clear Accessible Transaction Counter Are Without Merit

Plaintiff's argument that there must always be a 36" long and clear accessible counter (even when the entire counter is at an accessible height) is wrong for at least four reasons.

### a.    Section 904.4.1 Does Not Apply To Defendant's Transaction Counter

First, Section 904.4.1, upon which Plaintiff relies, does not apply to Defendant's transaction counter.  As the DOJ recently explained in its *Johnson* amicus brief, the Main Rule only applies to sales counters that consist of a high and low section.  *Johnson v. Starbucks Corporation*, Case No. 17-cv-02454-WHA (E.D. Cal. Feb. 25, 2019) (Dkt. 115).  The language of the provision makes this clear by stating that "[a] *portion* of the

---

that "nothing in Section 904.4.1 so much as mentions, much less requires, that the counter space required by the 2010 Standards be 'clear.'"

[4] The *Francis* court considered each of these cases, which had also been relied upon by the plaintiff.  The court found the cases unpersuasive because that they did not address the Exception.  *Francis*, Case No. 16-cv-07539-PGG (S.D.N.Y. Mar. 7, 2019) (Dkt. 113).

counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor shall be provided.  2010 Standards, § 904.4.1 (emphasis added).  The minimum 36" length of lowered counter in this context makes sense because non-disabled customers have a high counter to use.  The Exception, in contrast, addresses the scenario where all customers are using the same counter surface that is less than 36" long and is fully accessible.

### b.   Plaintiff's Interpretation Of The Exception Is Inconsistent With The Plain Language Of The Exception

Second, Plaintiff's position that a transaction counter must always be at least 36" long, clear,  and lowered cannot be reconciled with the plain language of the Exception, which expressly states that there can be a compliant sales and services counter that is less than 36" long if it is entirely at an accessible height.  To adopt Plaintiff's interpretation, the Court would have to ignore the Exception, which it cannot do under well-established principles of statutory construction.  *See Freytag v. Comm'r*, 501 U.S. 868, 877 (1991) ("Our cases consistently have expressed 'a deep reluctance to interpret a statutory provision so as to render superfluous other provisions in the same enactment'") (internal citation omitted); *Padash v. I.N.S.*, 358 F.3d 1161, 1170-1171 (9th Cir. 2004) ("we must 'make every effort not to interpret [the]provision [at issue] of the same statute inconsistent, meaningless, or superfluous.'")

### c.   Plaintiff Cannot Identify Any Authority Supporting Her Interpretation Of The Exception

Third, Plaintiff is unable to point to any regulation, guidance, or evidence that customers with disabilities need 36" long accessible counter space (as opposed to a shorter counter that is at a fully accessible height) to conduct a sales transaction.  To the contrary, the 2010 Standards do not require public accommodations to provide any sales or service counters at all.  Accessible sales and service counters are only required if a public accommodation chooses to have a sales and service counter in the first instance. Section 227.3 states, in relevant part:  "*Where provided*, at least one of each type of sales

10

counter and service counter shall comply with 904.4." (emphasis added).   If customers with disabilities needed a 36" long counter to make a purchase, then the 2010 Standards would presumably have required a 36" long accessible counter wherever sales transactions take place, even if no sales counters are otherwise provided.

### d.   Plaintiff Cannot Identify Any Authority Requiring Defendant's Transaction Counter To Remain Entirely Clear

Fourth, Plaintiff insists there must be a 36" length of lowered counter that is entirely *clear*.  Nothing in the text of Section 904.4.1 supports Plaintiff's position.  Section 904.4.1 concerns the dimensions of a counter surface.  It does not say that the counter must be kept clear of obstructions.  The absence of such a mandate is significant because the 2010 Standards do use the term "clear" where clear space is required.  For example, Section 904.4.1 provides that "a *clear* floor or ground space complying with 305 shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter."  2010 Standards, § 904.4.1 (emphasis added).  Section 305 of the 2010 Standards provides that "*clear* floor or ground space" means a space "30 inches (760 mm) minimum by 48 inches (1220 mm) minimum," *id.* at § 305.3 (emphasis added), that is "positioned for either a forward or parallel approach to an element," *id.* at § 305.5.  In other words, Section 904.4 requires clear floor space *in front of the counter*, but says nothing about keeping the counter surface clear.  This omission further undermines Plaintiff's interpretation.[5]  *See Russello v. United States*, 464 U.S. 16, 23 (1983)   ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts

---

[5] Similarly, the 2010 Standards also expressly reference "obstructions" in many other contexts, none of which include areas on top of sales and service counters.  *See e.g.* 2010 Standards, § 304.3.2 (T-shaped turning space), §§ 308.2.2, 308.3.1, and 308.3.2 (reach ranges over obstructions), § 404.2.4.3 (maneuvering clearance for recessed doors or gates), § 604.3.2 (clear water closet clearance), and § 604.8.1.2 (clearance for toilet room doors).

1    intentionally and purposely in the disparate inclusion or exclusion.") (internal citations

2    omitted).

3         In sum, there is no support for Plaintiff's contention that Section 904.4.1 requires

4    Defendant to provide a 36" long accessible counter that is clear from all obstructions.

5    The Exception states that Defendant may provide a transaction counter that is less than

6    36" long, provided that the entire counter is at an accessible height.  Accordingly,

7    Plaintiff's request for summary judgment with respect to this alleged barrier must be

8    denied.

9    **V.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST
            DEFENDANT AS TO ALLEGED BARRIERS LOCATED OUTSIDE THE**
10   **      STORE SHOULD BE DENIED BECAUSE THERE IS NO EVIDENCE
            THAT DEFENDANT POSSESSED, OPERATED, OR CONTROLLED THE**
11   **      COMMON AREAS**

12        Summary judgment cannot be granted against Defendant Starbucks for any alleged

13   accessibility barriers involving the parking lot or accessible routes of travel from the

14   public streets and public sidewalk to the building entrances on the site because Plaintiff

15   has presented no evidence that Defendant Starbucks owns, leases, or operates the parking

16   lot or common areas of the property.  The ADA imposes compliance obligations on "any

17   person who owns, leases (or leases to), or operates a place of public accommodation.  42

18   U.S.C. § 12182(a).

19        Here, Overland Partners owns the shopping center in which the Store is located,

20   and provides parking spaces for use by shopping center customers.  (*See* Dkt. 21, ¶¶2-5,

21   14.)  Overland Partners does not allow reserved parking for Defendant's customers.

22   (Dkt. 48-2, ¶12.)  While Defendant leases the property on which in the Store is located, it

23   does not possess, operate, or control the adjacent parking lot or the paths of travel in the

24   common areas leading to the Store entrance.  (Dkt. 10, ¶¶2-7, 14, 21.)  Plaintiff has not

25   proffered any evidence establishing that Defendant has ever possessed, operate, or

26   controlled the common areas surrounding the Store.  (*See* Dkt. 43-2.)

27        Liability under the ADA cannot be extended to tenants for those areas of a

28   property controlled by the landlord.  *Kohler v. Bed Bath & Beyond of California, LLC.*

780 F. 3d 1260, 1264 (9th Cir. 2015).  In *Kohler*, the Ninth Circuit affirmed the district court's grant of summary judgment in favor of a defendant tenant for alleged ADA violations in the parking lot outside of its store.  *Id.* at 1261.  The Ninth Circuit held that the legislative history of Section 12182(a) supported this conclusion:

> [T]he reference to contractual arrangements is to make clear that an entity may not do indirectly through contractual arrangements what it is prohibited from doing directly under this Act.  However, *it should also be emphasized that this limitation creates no substantive requirements in and of itself.*  Thus, for example, a store located in an inaccessible mall or other building, which is operated by another entity, is not liable for the failure of that other entity to comply with this Act by virtue of having a lease or other contract with that entity.  This is because, as noted, the store's legal obligations extend [*sic*] only to individuals in their status as its own clients or customers, not in their status as the clients or customers of other public accommodations.  Likewise, of course, a covered entity may not use a contractual provision to reduce any of its obligations under this Act.  In sum, *a public accommodation's obligations are not extended or changed in any manner by virtue of its lease with another entity.*

*Id.* at 1265 (emphasis in original) (citing H.R.Rep. No. 101-485, Pt. II, at 104).

The Ninth Circuit further found support for the conclusion that liability under the ADA cannot be extended to tenants for those areas of a property controlled by the landlord in the formal interpretation of 28 C.F.R. Section 36.403 in the Department of Justice's Technical Assistance Manual[6]:

> What if a tenant remodels his store in a manner that would trigger the path of travel obligation, but the tenant has no authority to create an accessible path of travel because the common areas are under the control of the landlord? Does this mean the landlord must now make an accessible path of travel to the remodeled store? No. Alterations by a tenant do not trigger a path of travel obligation for the landlord. *Nor is the tenant required to make changes in areas not under his control.*

*Id.* at 1266 (emphasis in original) (citing Department of Justice, Technical Assistance Manual on the Americans with Disability Act Section III-6.2000 (1994).

As Plaintiff has not shown, and cannot show, that Defendant Starbucks owned, leased, or controlled the parking lot or common areas of the shopping center, Plaintiff's

---

[6] The Department of Justice's interpretation of its own regulations must be given substantial deference and will be disregarded only if plainly erroneous or inconsistent with the regulation.  *Bay Area Addiction Research & Treatment, Inc. v. City of Antioch*, 179 F. 3d 725, 732 n. 11 (9th Cir. 1999).

motion as to Defendant Starbucks must be denied as to the issues of accessible parking and accessible routes of travel.

## VI.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE PLAINTIFF HAS FAILED TO PROFFER UNDISPUTED EVIDENCE OF A LACK OF ACCESSIBLE PARKING AND ROUTES OF TRAVEL

Even if Plaintiff could show that Defendant Starbucks has control over the common areas outside its Store (which she cannot), Plaintiff has failed to introduce any competent evidence that Defendant's Store lacks accessible parking.  While Plaintiff cites to a number of 1991 ADA Accessibility Guidelines ("ADAAG") standards, she offers no evidence to prove that the parking lot violated some or all of the standards cited in her motion.  Plaintiff cannot simply allude to a number of standards expecting this Court to identify a violation for her.  *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("[j]udges are not like pigs, hunting for truffles buried in briefs.") (internal citation omitted).

To the extent Plaintiff's argument is that the accessible parking spaces contain slopes exceeding the permissible slope, Plaintiff's argument is not supported by competent evidence.  Plaintiff has presented no evidence of the education, training, or methods of self-proclaimed "investigator" Evens Louis.  Mr. Louis' conclusions as to the alleged slopes measured in the parking spaces and conclusion that "there is a built up curb ramp that runs into the access aisle" hold no evidentiary value.  Likewise, both Plaintiff's and Mr. Louis' conclusion that the parking spaces "were not accessible to [Plaintiff]" is an improper legal conclusion – not evidence.  *See Nationwide Transport Finance v. Cass Information Systems, Inc*., 523 F.3d 1051, 1059  (9th Cir. 2008).

Other evidence contradicts the claim that the parking lot is not compliant.  Plaintiff entered Defendant's Store and purchased an item on January 12, 2018, raising an inference that she was able to access the parking available outside of the Store, park her van, and deploy her wheelchair. (Dkt. 50, p.9, AUMF Nos. 7-8.)  Additionally, Certified Access Specialist Bob Evans measured the running and cross slopes of the parking spaces

14

in front of the Store entrance.  He found the parking and access aisle surfaces measured less than 2.1% when properly measured.  (Dkt. 48-3, ¶¶7 & 9; Dkt. 50, p.8, AUMF Nos. 1-2.) Furthermore, there is no built up curb ramp that runs into the access aisles in front of the Store.  (Dkt. 48-3, ¶8; Dkt. 50, p.8, AUMF No. 3.) Finally, based on his inspection, Mr. Evans concluded "[t]here are also safe paths of travel for wheelchair users from these designated accessible parking spaces to the accessible entrance of Starbucks Coffee shop. Appropriate walkways exist on the premises, in compliance with Federal statutes…." (Dkt. 48-3, ¶8.)

Thus, Plaintiff has failed to establish that she is entitled to summary judgment as to her claim that Store lacks accessible parking and routes of travel to the Store entrance.

## VII.   PLAINTIFF IS NOT ENTITLED TO STATUTORY DAMAGES UNDER THE UCRA

Plaintiff was not denied full and equal access to the Store and thus cannot recover statutory damages pursuant to the UCRA.  "Statutory damages under either subdivision (a) of Section 52 or subdivision (1) of Section 54.3 may be recovered in a construction-related accessibility claim against a place of public accommodation only if a violation or violations of one or more construction-related accessibility standards denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." Civ. Code § 55.56(a).  "A violation personally encountered by a plaintiff may be sufficient to cause a denial of full and equal access if the plaintiff experienced difficulty, discomfort, or embarrassment because of the violation."  Civ. Code § 55.56(c).

Plaintiff was not denied full and equal access to the Store on either of her two visits, nor has she presented any evidence that any alleged barrier caused her to experience difficulty, discomfort, or embarrassment.  To the contrary, Plaintiff was able to park and exit her vehicle (Plaintiff's Declaration in Support of MSJ, Dkt. 43-6, ¶13), travel from the parking spot to the Store entrance (Dkt. 43-6, ¶15), and complete her transaction (Dkt. 50, p.8, AUMF No. 7).

In *Chapman v. Pier 1 Imports (U.S.) Inc.*, 779 F.3d 1001, 1009 (9th Cir. 2015), the Ninth Circuit held that the presence of various small items on an otherwise accessible sales counter was insufficient to grant summary judgment on a claim that the counter violated a wheelchair user's rights under Title III of the ADA. *Id.* The Ninth Circuit held that the items did not deprive ". . . wheelchair users of 'full and equal' access to the use of the counters for their intended use—placing items for purchase and transacting sales." *Id.* Likewise, the evidence in this case shows that Plaintiff was able to use the transaction counter for its intended use—placing items for purchase and transacting sales. (Dkt. 50, p.8, AUMF No. 7).

## VIII. CONCLUSION

Plaintiff's motion for summary judgment should be denied because there are genuine issues of material fact, because Plaintiff's legal conclusions are not supported by admissible evidence, and because Defendant's transaction counter and the exterior accessible parking and paths of travel adjacent to the Store are ADA-compliant.


DATED: March 11, 2019                    SEYFARTH SHAW LLP


                                         By: */s/ Myra B. Villamor*
                                             Myra B. Villamor
                                             Attorneys for Defendant
                                             STARBUCKS CORPORATION

55480621v.5